**Jackie Larry SARGENT, Petitioner,**

v.

**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 69–C–52–R.**

United States District Court
W. D. Virginia,
Roanoke Division.

July 19, 1969.

Curtis R. Mann, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* by Jackie Larry Sargent, a state prisoner, pursuant to 28 U.S.C. § 2241. The petition was filed with this court on May 15, 1969.

Petitioner is currently serving a sentence of seven years in the Virginia State Penitentiary pursuant to a judgment of the Hustings Court of the City of Roanoke, imposed on March 21, 1966, for robbery by violence. The conviction resulted after a trial by a judge without a jury in which the petitioner, represented

by a court appointed attorney, entered a plea of not guilty. On August 4, 1966, petitioner was also found guilty of forgery by the Circuit Court of the City of Martinsville for which he was sentenced to four years in the state penitentiary.

Petitioner did not appeal his conviction for robbery by violence. On July 2, 1968, a plenary hearing was held for petitioner in the Hustings Court of the City of Roanoke on a petition for a writ of habeas corpus. The petition was denied and a writ of error to the judgment was taken to the Virginia Supreme Court of Appeals. On March 11, 1969, the Virginia Supreme Court of Appeals affirmed the judgment of the lower court.

Petitioner presents only one claim to this court. Petitioner claims that "The confrontation with the complaining witness before trial so undermined the reliability of the eyewitness identification as to violate due process under the 14th Amendment to the Constitution of the United States." This contention was made before the Virginia courts and thus petitioner has exhausted his state remedies in compliance with 28 U.S.C.A. § 2254. See Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

The court in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and in Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), held that in the identification process the accused has the right to counsel. In Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), the court held that the *Wade* and *Gilbert* rule did not apply retroactively. Thus the rule involves only "confrontations for identification purposes conducted in the absence of counsel" after June 12, 1967. *Stovall*, supra at 296 of 388 U.S., at 1969 of 87 S.Ct. The identification complained of by this petition was made in February, 1966, and therefore *Wade* and *Gilbert* do not apply. Stovall v. Denno, supra at 299 of 388 U.S., at 1971 of 87 S.Ct., held that it is "open to all persons to allege and prove * * * that the confrontation resulted in such unfairness that it infringed his right to due process of law."

Petitioner was identified as the result of a show-up (this is a one man identification process). The courts do not favor this method of identification and frequently hold that it violates due process of law. No court has gone so far as to hold the show-up to be a violation per se of due process. The show-up is condemned because it suggests to the identifier that the man before him is the person who committed the crime. Such a suggestive procedure often results in the identification of the wrong person. The courts are concerned that the show-up has caused an incorrect identification and the subsequent conviction of the wrong person. All cases holding a particular show-up to be a violation of due process have found additional facts which point to the inaccuracy of the identification.

Biggers v. Tennessee, 390 U.S. 404, 88 S.Ct. 979, 19 L.Ed.2d 1267 (1968), involved a rape in the nighttime. The victim only saw the assailant in a dimly lit hall and outside in no light. The victim was able only to describe the assailant as flabby, smooth skinned, bushy haired, and with a youthful voice. The identification rested largely on voice identification. Finally, the identification was made seven months after the rape. The court clearly seemed concerned that these additional facts were enough to make the identification questionable.

In Palmer v. Peyton, 359 F.2d 199 (4th Cir. 1966), the accused was identified as the result of voice identification where only one suspect's voice was presented for identification. The courts do not favor voice identifications because by their nature they are unreliable. The court in that case found the identification violated due process. The court was concerned with the one man identification process, but the added fact that this was a voice identification was enough for the court to find a violation of due process.

In Stovall v. Denno, supra, Mrs. Behrendt was stabbed a number of times and

her husband was killed. Shortly after Mrs. Behrendt was placed in a hospital, Stovall was taken to her room and she identified him. The court in this case laid down the guideline that is generally applied now. The court stated:

> The practice of showing suspects singly to persons for the purpose of identification, and not as part of a lineup, has been widely condemned. However, a claimed violation of due process of law in the conduct of a confrontation depends on the *totality of the circumstances surrounding it*, and the record in the present case reveals that the showing of Stovall to Mrs. Behrendt in an immediate hospital confrontation was imperative. 388 U.S. at 302, 87 S.Ct. at 1972 (emphasis added).

The court found there was no violation of due process because the show-up was imperative. The real reason appears to be that the possibility of a mistaken identification was not strong. There were no extenuating circumstances which could have caused a false identification. The identification was made shortly after the crime was perpetrated and Mrs. Behrendt had an adequate opportunity to observe Stovall. Certainly, had it been necessary, the police could have carried two or three more persons into Mrs. Behrendt's room and simulated a lineup.

The facts surrounding petitioner's identification will determine whether petitioner's right to due process was violated. The facts were brought out only in the testimony of petitioner at his hearing on July 2, 1968. Since the court has only the uncontradicted testimony of the petitioner relating to the identification procedure, it will accept those facts as true. Petitioner stated that he was arrested at 3:30 on the morning of February 3, 1966, for the possession of burglary tools. Later he was questioned about the robbery of J. K. Crouch. Petitioner stated that he was told that a lawyer was there to see him. When he went out to see his lawyer, he found Crouch and two detectives waiting for him. One detective said is this the man. Crouch replied "That's him" and walked off.

Crouch testified at the trial that petitioner had forced his way into his motel room and threatened to kill him with a knife. Crouch testified that petitioner called in two accomplices and had them search the room. There was no disguise worn by the petitioner and Crouch had sufficient opportunity to observe petitioner. There was no mention of bad lighting or any other circumstance that might have led to a mistaken identification. The identification was made within two weeks. Petitioner was also identified in the courtroom. At the trial the primary defense was not that petitioner was the wrong person, but that the stolen property was given in return for an alleged morals proposition.

The court finds from the "totality of the circumstances surrounding it" that there was no violation here in the identification procedure of the due process clause of the Fourteenth Amendment. In this case there is only the bare fact of a one man show-up. There are no additional facts pointing to the unreliability of the identification. To the contrary, all of the facts of this case point to the reliability of the identification. There was ample opportunity for Crouch to observe petitioner and the identification was made a short time after the offense, while Crouch's memory was still fresh. Petitioner claims that at his preliminary hearing, Crouch identified him after some confusion. The record is not clear on this point, but it is discernible that if any mistaken identification occurred, it was in regard to petitioner's accomplice and not to petitioner.

For the foregoing reasons the petitioner has failed to convince this court that he is entitled to relief based on his claim and it is therefore adjudged and ordered that the writ be denied and the petition dismissed.

The clerk is directed to send a copy of this opinion and judgment to the petitioner and to the respondent.